

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

JAMES EDWARD TYER, )
 )
 Petitioner, )  Criminal Case No. 1:08CR43
V. )  Civil Action No. 1:12CV422
 )
UNITED STATES OF AMERICA, )
 )
 Respondent. )
 )

## MEMORANDUM OPINION

This case is before the Court on Petitioner James Tyer's ("Petitioner") Motion to Vacate Under 28 U.S.C. § 2255 where he asserts that he received ineffective assistance of counsel because trial counsel failed to raise an issue at resentencing that had not yet been decided by the Supreme Court, and because appellate counsel failed to raise the issue on appeal. The Petitioner has not shown either that such performance was deficient, or that if it was, the deficiency would have changed the result. Because failure on either point defeats his claim of ineffective assistance of counsel under Strickland v. Washington, Petitioner's Motion should be denied.

On April 16, 2008, a jury convicted Defendant of Hobbs Act Conspiracy to Commit Armed Robbery, four counts of Hobbs Act

Armed Robbery, two counts of Felon in Possession of a Firearm, three counts of Using a Firearm in a Crime of Violence, and Possession of an Unregistered Firearm. At sentencing, the Court dismissed the counts for Using a Firearm in a Crime of Violence and properly calculated the Sentencing Guidelines range of 78 to 97 months, but found that an upward departure was appropriate and imposed 300 months of imprisonment. On direct appeal, the Fourth Circuit found that the Court had failed to make a sufficiently individualized determination at sentencing and remanded for re-sentencing.

The Petitioner was re-sentenced on December 10, 2010. The Court imposed a total of 300 months of imprisonment. The Petitioner was represented by Mr. Bruce Johnson, Esq. for his trial, appeal, and resentencing after remand.

On February 4, 2011, the Petitioner filed a Motion to Vacate under 28 U.S.C. § 2255, arguing that his trial counsel, Mr. Johnson, had been ineffective by failing to appeal the new sentence and by failing to request that the Court consider evidence of Petitioner's post- conviction rehabilitation. The Government argued in response that the Court should reinstate Petitioner's right to direct appeal without ruling on his claim regarding post-conviction rehabilitation. The Court granted Petitioner's Motion as to the claim of failing to appeal the sentence, vacated the sentence, and re-sentenced Petitioner to

a total of 300 months of imprisonment to reset the appeal clock. The Petitioner then appealed the December 10, 2010 sentence, this time represented by Mr. Wayne D. Inge, Esq.

On February 6, 2012, the Fourth Circuit affirmed the new sentence by unpublished opinion, concluding that the Court had "adequately explained its reasons for the variant sentence and performed an appropriate individualized sentence." United States v. Tyer, No. 11-4745, slip op., 2012 WL 363003 (4th Cir. 2012).

On April 18, 2012, the Petitioner filed this Motion to Vacate under 28 U.S.C. § 2255, arguing that both Mr. Johnson and Mr. Inge had provided ineffective assistance of counsel by failing to argue that the Court should have considered evidence of Petitioner's post-conviction rehabilitation at resentencing. The Petitioner contends that Mr. Johnson should have asked the Court for a downward variance in light of Pepper v. United States, 131 S. Ct. 1229 (2011), which held that a judge may consider evidence of post-conviction rehabilitation on re-sentencing after an appeals court has set aside a prior sentence. He also contends that Mr. Inge should have raised the Pepper issue on his reinstated direct appeal.

The Petitioner's first claim is that his trial counsel, Bruce Johnson, Esq., should have raised the issue of his post-conviction educational achievements at resentencing on December 10, 2010. This claim is meritless. Pepper was decided on March

3

2, 2011, nearly four (4) months after the Petitioner was resentenced. It is well-established that counsel cannot be ineffective for failing to predict a new rule of law. See United States v. McNamara, 74 F.3d 514, 516-17 (4th Cir. 1996) (no ineffective assistance where Supreme Court decision supporting challenge had not yet been rendered at time of hearing).

The Petitioner's claim that Mr. Inge improperly failed to appeal the Pepper issue is likewise meritless. Mr. Inge's declaration, states that the record on appeal included no evidence suggesting a Pepper issue, and that he therefore could not have properly raised the issue on direct appeal. Mr. Inge was under no constitutional duty to raise every possible issue on appeal, much less every issue demanded by the Petitioner. Jones v. Barnes, 463 U.S. 745, 750-54 (1983). Strategic decisions, such as which issues are most promising for appeal, are not ineffective if they are "reasonable professional judgments." Id. At 754. Mr. Inge was well within his reasonable professional judgment to conclude, as he did, that Pepper presented no appropriate issue for appeal. If Mr. Johnson could not have reasonably expected to prevail by introducing Pepper evidence at resentencing, then Mr. Inge's performance could not have been unreasonable for not raising the issue on appeal. Therefore the Petitioner has not satisfied Strickland's "performance" prong.

4

Nor has the Petitioner satisfied Strickland's "prejudice" prong. Because Pepper had not been decided at the time of resentencing on December 10, 2010, as noted above, counsel's failure to raise the Pepper issue or introduce evidence of post-conviction rehabilitation could not have resulted in prejudice. Before Pepper, the Fourth Circuit did not require the Court to consider post-conviction rehabilitation at resentencing. United States v. Randall, 215 F.3d 1322 (table) (4th Cir. 2000) (unpublished) (citing cases concluding that post-sentencing rehabilitation was not an appropriate basis for a downward departure on resentencing). Only "exceptional" post-offense rehabilitation efforts could have been a proper basis for a downward departure, and Defendant has not shown that his proffered evidence would have met that standard. United States v. Brock, 108 F.3d 31, 35 (4th Cir. 1997). The Petitioner has therefore failed to show that raising the issue of post-conviction rehabilitation before Pepper would have resulted in a lower sentence on resentencing. Whether or not Pepper had retroactive application, because no evidence of a Pepper issue was in the record, raising the issue on appeal would likely have been fruitless. Defendant therefore cannot show that he was prejudiced.

For the foregoing reasons, the Petitioner's Motion to Vacate Under 28 U.S.C. § 2255 should be denied.

An appropriate Order shall issue.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia
February 19, 2013